NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

JUL 20 2020

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10038 |
| Plaintiff-Appellee, | D.C. No. 1:17-cr-00515-LEK-1 |
| v. | |
| KATHY FUNTILA, AKA Kathy Retter, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted July 14, 2020[**]

Before:     CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

Kathy Funtila appeals from the district court's judgment and challenges the

119-month sentence imposed following her guilty-plea conviction for bank fraud,

in violation of 18 U.S.C. § 1344, and aggravated identity theft, in violation of 18

U.S.C. § 1028A(a)(1).  We have jurisdiction under 28 U.S.C. § 1291, and we

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

affirm.

Funtila first contends that the district court clearly erred by finding that one of the victims of her fraud, SMAC Hawaii, Inc. ("SMAC"), incurred financial hardship through no fault of its own. She asserts that, in fact, SMAC must have known that the funds Funtila fraudulently obtained from Hawaii National Bank were borrowed and thus SMAC bore some responsibility for spending the funds. However, as the district court explained, it was Funtila's conduct in obtaining those unauthorized loans that resulted in SMAC's legal liability on the loans, and ultimately caused SMAC's dissolution when it could not repay. On this record, the district court did not clearly err in concluding that Funtila was solely responsible for the losses to SMAC. *See United States v. Spangle*, 626 F.3d 488, 497 (9th Cir. 2010) ("In order to reverse a district court's factual findings as clearly erroneous, we must determine that the district court's factual findings were illogical, implausible, or without support in the record.").

Funtila also contends that the above-Guidelines sentence is substantively unreasonable. We conclude that, in light of the reasons cited by the district court and the totality of the circumstances, the district court did not abuse its discretion in imposing the 119-month sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *see also United States v. Christensen*, 732 F.3d 1094, 1101 (9th Cir. 2013) (district court may vary upward based on factors already accounted for in the

Guidelines).  Moreover, the district court adequately explained the upward variance.  *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

The motion of Cynthia A. Kagiwada, Esq., to be relieved as appellant's counsel of record is granted.  Funtila's motion for appointment of substitute counsel is denied.  If Funtila wishes to seek rehearing, she may file a pro se petition pursuant to Federal Rules of Appellate Procedure 35 and 40.

The Clerk will serve a copy of this disposition on counsel Kagiwada, as well as on Funtila individually at:  Reg. No. 06000-122, FDC Philadelphia, Federal Detention Center, P.O. Box 562, Philadelphia, PA 19105.

**AFFIRMED.**

19-10038